STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT, v. JOHN JENKINS, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Submitted August 17, 1976—Decided August 25, 1976.

10 

Before Judges SEIDMAN and CRANE.

*Mr. Stanley C. Van Ness,* Public Defender, attorney for appellant (*Mr. John A. Snowdon, Jr.,* Assistant Deputy Public Defender, of counsel and on the brief).

*Mr. William F. Hyland,* Attorney General of New Jersey, attorney for respondent (*Mr. Edgar F. Devine, Jr.,* Deputy Attorney General, of counsel and on the brief).

PER CURIAM. Defendant was charged in a three-count indictment with murder (*N. J. S. A.* 2A:113–1 and 2), murder while armed (*N. J. S. A.* 2A:151–5) and assault with intent to kill (*N. J. S. A.* 2A:90–2). A jury found him guilty of manslaughter while armed. His motion for a new trial was denied and he was sentenced to a 6–9 year term for manslaughter and a concurrent term of 2–3 years for being armed. He appeals.

He contends that (1) the trial judge erred in instructing the jury on involuntary manslaughter; (2) since manslaughter is not a specifically mentioned crime for which an additional sentence may be imposed if committed while armed under *N. J. S. A.* 2A:151–5, the additional concurrent sentence for being armed was illegal, and (3) the sentence was manifestly excessive and unduly punitive.

▆▆ While a trial judge has a mandatory duty to instruct the jury on the fundamental principles of law which control the case, *State v. Butler,* 27 *N. J.* 560, 594–595 (1958), he should not, of course, instruct as to a possible verdict as to which there is no proof. *State v. Artis,* 57 *N. J.* 24, 30 (1970); and *cf. State v. Christener,* 71 *N. J.* 55 (1976). The defendant argues that the trial judge should not have charged the jury on involuntary manslaughter be-

cause there was no evidence to support such verdict. We disagree. Our review of the record entirely satisfies us that such result could have been reached on the evidence adduced at the trial and, therefore, the trial judge did not err in instructing the jury as he did.

As for defendant's second assertion of error, a similar argument was recently considered by us in *State v. Quinones,* 140 *N. J. Super.* 237 (App. Div. 1976), and found to be without substance.

Finally, we are not persuaded that the sentences, each of which was within the statutory maximum, constituted a mistaken exercise of discretion on the part of the trial judge. *State v. Tyson,* 43 *N. J.* 411 (1964), *cert.* den. 380 *U. S.* 987, 85 *S. Ct.* 1359, 14 *L. Ed.* 2d 279 (1965); *State v. Provoid,* 110 *N. J. Super.* 547 (App. Div. 1970).

Affirmed.